UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZBIGNIEW SLUPINSKI,

               Plaintiff,

-against-

FIRST UNUM LIFE INSURANCE COMPANY
and WEIL GOTSHAL & MANGES LONG
TERM DISABILITY INCOME PLAN

               Defendants.
------------------------------------------------------------x

COMPLAINT



## PRELIMINARY STATEMENT

1. This is an action by plaintiff for long term disability benefits pursuant to a long term disability plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff seeks reinstatement of his benefits pursuant to the terms of the plan in question as well as other relief.

## JURISDICTION AND VENUE

2. **Subject Matter Jurisdiction**. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. **Personal Jurisdiction**. ERISA provides for nationwide service of process. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). All of the Defendants are either residents of the United States or subject to service in the United States and this Court therefore has personal jurisdiction over them.

4. **Venue**. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because much of the conduct that is the subject of this lawsuit occurred within this

District, and at least one Defendant resides in this District and all Defendants conduct business within this District.

## THE PARTIES

5.     **Plaintiff** Zbigniew Slupinski ("Plaintiff") is a natural person who resides in New York. He is a participant in the Defendant Weil, Gotshal & Manges Long Term Disability Income Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

6.     **Defendant** Weil, Gotshal & Manges Long Term Disability Income Plan (the "Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

7.     **Defendant** First Unum Life Insurance Company ("First Unum") is an insurance company that is licensed to and does conduct business in the state of New York. First Unum is both the Claims Administrator and the insurer for the Plan. In that role, First Unum is the Plan Administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 3(16)(A), and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 3(21)(A).

## BACKGROUND

8.     Plaintiff was an associate attorney working in Poland in 1991 for Weil Gotshal & Manges when he was severely injured in an automobile accident in that country. Plaintiff was thrown through the window of the taxi in which he was riding and then run over by another car. His left arm was nearly severed and he suffered numerous other severe injuries.

9.     Plaintiff, as a participant in the Plan, received long term disability benefits from 1992 until January 1996 when First Unum terminated his benefits purportedly because Plaintiff was no longer disabled within the meaning of the Plan. Plaintiff appealed the denial though the Plan's internal claims procedures and First Unum denied the appeal

10  Plaintiff then commenced an action against First Unum and the Plan in the United States District Court for the Southern District of New York which received Civil Action Number 99 Civ. 0616 and was assigned to the Honorable Thomas P. Griesa, U.S.D.J.

11.  Defendants moved for judgment dismissing the complaint based on the administrative record. Plaintiff moved for summary judgment on three of his claims for relief: (1) that First Unum had used the wrong definition of disability to terminate Plaintiff's benefits and that Plaintiff was disabled pursuant to the correct definition; (2) for a determination that regardless of which definition of disability was applicable, Plaintiff was at all times disabled within the meaning of the Plan; and, (3) for prejudgment interest on all retroactive benefits owed. The Prayer for Relief in Plaintiff's Amended Complaint sought, *inter alia*: full retroactive benefits; reinstatement of disability benefits prospectively; prejudgment interest on all retroactive benefits; and attorney's fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

12.  By decision dated September 16, 2005 ("*Slupinski* I," reported at 2005 U.S. Dist. LEXIS 21601), Judge Griesa denied Defendants' motion and, treating Plaintiff's motion as one for judgment on the administrative record, granted it. The Court also held that First Unum had used the correct definition of disability in considering Plaintiff's condition but held that Plaintiff was disabled within the meaning of that definition and that First Unum had ignored overwhelming evidence to the contrary in terminating Plaintiff's benefits. *E.g., Slupinksi I* at *21 and *24. The Court denied Plaintiff's motion insofar as it sought prejudgment interest. The decision also denied Plaintiff attorney's fees.[1]

13.  Judgment was entered on September 30, 2005.

---

[1] Plaintiff's fourth claim for relief was not a subject of his motion, but was mooted by the Court's decision.

3

14. Defendants then took the position that *Slupinski I* only required them to pay Plaintiff benefits from the date the record closed in Plaintiff's administrative appeal in 1997. Plaintiff took the position that *Slupinski I* by its terms required full retroactive benefits and commencement of prospective benefits.

15. However, Defendants refused to pay any benefits that became due after the close of the administrative record ostensibly because they had not had the opportunity to evaluate Plaintiff's condition since that time and refused to reinstate Plaintiff's benefits prospectively.

16. Plaintiff filed a Notice of Appeal from *Slupinski I* on October 28, 2005 raising, *inter alia*, as a precautionary measure, that *Slupinski I* and the Judgment might not have provided Plaintiff full retroactive and prospective disability benefits.

17. Plaintiff then filed a Motion before Judge Griesa seeking (1) clarification of the Judgment, *inter alia* pursuant to Federal Rule of Civil Procedure 60(a), and, Reconsideration of the denial of attorney's fees pursuant to Southern District Local Civil Rule 6.3 and Federal Rule of Civil Procedure 54(d)(2).[2] By Opinion and Order dated August 4, 2006 ("*Slupinski II*," reported at 2006 U.S. Dist. LEXIS 55545), Judge Griesa granted Plaintiff's Motion for Clarification of the Judgment and stated: (1) that under the Plan (Plan insurance policy at Section IV), once benefits had initially been granted, Plaintiff was only required to submit information pertaining to his condition on request and, since the close of the administrative record, First Unum had not made any such requests; *id.* at *5-6; and (2) that *Slupinski I* did "order First Unum to pay benefits not just for the period encompassed by the administrative record, but for the entire period they were suspended and prospectively[.]" *Slupinski II* at *8-9. The Court also adhered to its denial of attorney's fees.

---

[2] The pending appeal was dismissed without prejudice while this motion was under consideration.

4

18. On September 6, 2006, Plaintiff filed a Notice of Appeal appealing from *Slupinski II* insofar as it denied his Motion for Reconsideration with respect to his claim for attorney's fees. The initial appeal was reinstated and the two appeals were consolidated (the "Appeal").

19. With respect to the post-judgment proceedings in the district court which resulted in *Slupinski* II, one of Defendants' attorneys submitted a declaration that attached various exhibits (the "Declaration") which Defendants contended established that Plaintiff had been working (the "Work Allegations") and therefore undermined Plaintiff's claim of disability. Plaintiff argued that this submission was improper. Judge Griesa agreed stating that "as a procedural matter, the issue may not properly be considered in the present context. First Unum is, of course, entitled to seek relief in an appropriate post-judgment motion or a new action." *Slupinski II* at *10.

20. If First Unum actually believed that the matter raised in the Declaration suggested that Plaintiff was not eligible for benefits, one would expect that First Unum would have filed a motion or commenced a new action as the Court mentioned. First Unum has still done neither.

21. Despite Plaintiff's objections, Defendants insisted on the inclusion of the Declaration in the Appeal Appendix. In that Judge Griesa had held that that submission was improper, Plaintiff continually reasserted the inappropriateness of the inclusion of the Declaration, but ultimately had no choice but to include it (*see* Federal Rules of Appellate Procedure 30(b)(1)) while requiring Defendants to pay for its inclusion. *Id.*

22. Plaintiff's principal concern was that Defendants would use the Declaration to attempt to deflect the Second Circuit's attention from the actual issues on appeal, *i.e.*, that Defendants would attempt to use the Declaration in the hope that it might improperly sway that Court.

23. The concern was well founded. Defendants' Appeal Brief was replete with references to the Declaration.

24. In addition to the Declaration, Defendants focused their Appeal argument on a claim never previously raised in any context. Defendants claimed in their Appeal Brief that Plaintiff lied when he asserted that a book he had drafted prior to his accident in 1991, <u>Foreign Investment Law in Poland: Legislation and Commentary</u>, had never been published.

25. Defendants made this assertion for the first time on the Appeal, based solely on their viewing on the website amazon.com that the "book" was published in 1998 and was available for sale.

26. In that Defendants claimed the "book" was published in 1998, it was not as if this information was not available to be raised in the district court. And, even if true (which it is not), this would be pertinent only to the issue of Plaintiff's disability, a finding that Defendants did not appeal and an issue that was not, therefore, before the Second Circuit. The "book," however, was never published.

27. Upon first reading the Defendants' Appeal Brief, Plaintiff's counsel verified that, as Defendants asserted, amazon.com listed the "book" as having been published in 1998 and as available for sale. However, the website also stated that no image of the "book" was available and that it "[u]sually ships within 4 to 7 weeks." One might have expected this to at least arouse some curiosity on Defendants' part, but, apparently, it did not.

28. The website also identified the publisher as "Springer," as well as the "book's" ISBN numbers. Upon calling Springer, Plaintiff's counsel was informed as follows:

    a. While the "book" is listed in Springer's computer system as "out of print," Springer has never published it and has no record of it ever having been published;

b.  The fact that there are ISBN numbers for the book only means that someone applied for the numbers, which may occur in advance of the completion of a book. The existence of the ISBN numbers does mean that a book has been published.

29.  Defendants compounded their egregious conduct with the assertion in their Appeal Brief that one may infer that Plaintiff's initial counsel in the district court, Mark Scherzer, Esq., withdrew because "Mr. Scherzer no longer wanted to represent him due to concerns about his claim."

30.  Mr. Scherzer's motion to withdraw as Plaintiff's counsel set forth only one basis: he had not been paid. Defendants' counsel had represented Defendants since the inception of the initial district court action and were well aware of the basis for Mr. Scherzer's motion, yet nonetheless attempted to convince the Second Circuit otherwise.[3]

31.  Also for the first time, Defendants Appeal Brief stated that they "generally disagree" with Plaintiff's claim that he was severely injured in an automobile accident in Poland, and alleged that they "could not timely investigate" the accident. Defendants continually referred to Plaintiff's injuries as "alleged" and described such alleged injuries as to "his left arm and hand", as if such injuries were, at worst, slight and despite Judge Griesa's finding that the evidence of Plaintiff's disability was "overwhelming." *E.g.*, *Slupinkski I* at *21 and *24. Again, Defendants did not appeal *Slupinski I*'s finding that Plaintiff is severely disabled.

32.  In that Defendants included in their Appeal Brief (1) argument they knew to be incorrect, (2) argument they either knew or should have known was unfounded, and (3) argument based on the Declaration which they knew Judge Griesa ruled could not be considered and which ruling Defendants did not appeal, Plaintiff moved *inter alia* to strike Defendants' Appeal Brief.

---

[3] Defendants also never raised this argument in the district court.

33. While that motion was denied, in its Opinion on the Appeal, the Second Circuit stated:

> Finally, we note that First Unum has argued on this appeal that Slupinski was in fact able to work during at least part of the period in which his disability benefits were being denied. In support of this argument, First Unum has speculated that Slupinski's first counsel withdrew because of concerns about the legitimacy of Slupinski's claim (*see* First Unum brief on appeal at 5) and has attempted to argue alleged facts that are not in the record (*see, e.g., id.* at 3-4). Facts that are not in the record are not properly brought to our attention, and we do not consider them. *See, e.g., Galabya v. New York City Board of Education*, 202 F.3d 636, 640 n.1 (2d Cir. 2000). We note that First Unum made a similar attempt in opposing Slupinski's postjudgment motions in the district court, proffering documents that were not in the record. The district court noted that the documents did appear to raise some serious questions as to Slupinski's eligibility for disability benefits under the Plan and stated that "First Unum is, of course, entitled to seek relief in an appropriate post-judgment motion or a new action." *Slupinski II*, 2006 U.S. Dist. LEXIS 55545, 2006 WL 2266569, at *3. Our review of the district court docket reveals that, in the years since the district court made that suggestion, First Unum has done neither. Its choice instead to persist in proffering evidence that is not in the record, despite being expressly informed of the inappropriateness of such conduct, tends to cast doubt both on the substantive validity of its proffers and on its claim that the equities in this case weigh in its favor.

*Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 56 (2d Cir. 2009).

34. Meanwhile, shortly after *Slupinski* II was decided, First Unum commenced efforts to terminate his benefits once again.

35. This engendered a significant amount of correspondence between First Unum and Plaintiff's counsel culminating in First Unum's decision to terminate Plaintiff's benefits and adhering to that decision in the administrative appeal.

36. However, First Unum never made a reassessment of Plaintiff's condition or, thus, his ability to work. This was not because Plaintiff declined to provide medical information. He provided all medical information that First Unum requested.

37. Rather, First Unum chose to use their conceded right periodically to assess Plaintiff's medical condition to attempt to prove the Work Allegations which they had raised in opposition to the Motion to Clarify the Judgment and which Judge Griesa ruled were improper in that context.

38. At first, First Unum's sole request aimed at the Work Allegations was a copy of Plaintiff's 2006 tax return. However, shortly thereafter, in July 2007, the request was expanded to include all tax returns from 1996 to the present (the "Tax Return Request").

39. Plaintiff advanced various arguments why First Unum was not entitled to this information. While not abandoning any of those arguments, Plaintiff asserts most strenuously that the only purpose of the Tax Return Request was an attempt to prove the Work Allegations and thus ran afoul of Judge Griesa's admonitions in *Slupinski II* that (a) "First Unum must pay full retroactive benefits through the present and *prospective benefits until such time as First Unum determines that plaintiff is no longer disabled*" (*id.* at *6 (emphasis added)) and (b) any attempt to prove the Work Allegations should be in the form of a post-judgment motion or a new action.

40. Plaintiff's refusal to comply with the Tax Return Request was the sole basis for First Unum's decision to terminate Plaintiff's benefits.

## CLAIMS FOR RELIEF

### First Claim for Relief

41. Plaintiff reasserts the allegations of ¶¶ 1-40 as if fully set forth herein.

42. Plaintiff has at all times relevant herein remained disabled under the terms of the Plan.

43. It was improper for First Unum to terminate Plaintiff's long term disability benefits from the Plan because of Plaintiff's refusal to comply with the Tax Return Request.

### Second Claim for Relief

44. Plaintiff reasserts the allegations of ¶¶ 1-43 as if fully set forth herein.

45. If the Court determines that all or any part of the Tax Return Request was appropriate. the Court should remand this matter to First Unum so that Plaintiff may provide the tax returns that the Court orders be provided and a determination of his eligibility for reinstatement of his benefits under the Plan may be made.

### Third Claim for Relief

46. Plaintiff reasserts the allegations of ¶¶ 1-43 as if fully set forth herein.

47. Pursuant to the Plan and/or ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to appropriate interest on all unpaid long term disability benefits he should have received from the date each such payment should have been made until entry of judgment herein

### PRAYER FOR RELIEF

Plaintiff prays that this Court enter Judgment as follows:

1. Declaring Plaintiff to be entitled to full retroactive and prospective monthly long term disability benefits from the Plan;

2. Ordering Defendants to pay those benefits;

3. Declaring Plaintiff to be entitled to appropriate interest on the retroactive benefit payments through the entry of judgment herein;

4. Establishing the rate of interest to be applied to the retroactive benefit payments;

5. Ordering Defendants to pay interest on the retroactive benefit payments at the rate established;

6. In the alternative remanding this matter to First Unum for a determination of Plaintiff's eligibility for reinstatement of his benefits under the Plan;

7. Awarding Plaintiff his costs, disbursements and expenses herein;

8. Awarding Plaintiff his attorney's fees herein pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

9. Awarding such other and further relief as to this Court may seem just and proper

Dated: New York, NY  
June 3, 2011

Keller Rohrback L.L.P.

By: _____  
David S. Preminger  
dpreminger@kellerrohrback.com  
770 Broadway, Second Floor  
New York, NY 10003  
Phone: (646) 495-6198  
Fax:    (646) 495-6197